UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS L. STOVER, M.D. | ) | CASE NO. 5:04CV1003 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JACK BEAM, ESQ., et al. | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motions to Dismiss and the Motion for Judgment on the Pleadings filed by Defendants, Jack Beam, Esq. and Beam & Raymond Associates.  Defendants move to dismiss Count 2 of Plaintiff's Complaint (abuse of process) for failure to allege an element of the claim and because of the bar of the statute of limitations.  The Motion for Judgment on the Pleadings is directed at the remaining claims and is based upon res judicata and/or collateral estoppel.  For the reasons that follow, the Motion to Dismiss Count 2 based upon the statute of limitations is granted; the Motion to Dismiss based upon pleading deficiencies is denied; and the Motion for Judgment on the Pleadings is also denied.

## I. FACTUAL BACKGROUND

Plaintiff, Thomas L. Stover, M.D. ("Stover") brings this action against Jack Beam and Beam & Raymond Associates ("Beam") and Andrew Muth, Esq. and Muth & Shapiro ("Muth"), alleging tortious misconduct arising out of a state court medical malpractice lawsuit.  Cathy Lownsbury ("Lownsbury") presented as an outpatient at Akron City Hospital's Maternal Fetal Medicine Center on January 6, 1995 for an ultrasound and non-stress test.  After being evaluated by a number of residents, she was sent with instructions to follow up within a week.  She was not admitted for in-patient treatment.  On January 10, 1995, she gave birth to a daughter, Rebecca, who was born with profound neurological injuries.

On January 19, 1996, a complaint for medical malpractice was filed on Rebecca's behalf against a number of medical providers, not including Stover.

During Lownsbury's out-patient treatment, Stover was acting as an agent of Summa Health System, a.k.a. Akron City Hospital, as their 24-hour-on-call obstetrician.  Stover was physically present at Summa on January 6, 1995; but was never notified of Lownsbury's presence on the labor and delivery floor, was not consulted for advice by the resident staff or nurses, and had no contact with Lownsbury.

On September 9, 1997, Beam and Muth filed an amended complaint in the malpractice action, naming Stover as a defendant.  Stover alleges that Beam and Muth initiated the litigation against him solely because he refused to provide false testimony against another colleague.  He alleges that while he was hospitalized with his own cardiac condition, Beam and Muth tracked him down and told him they wanted him to testify that his colleague was the "attending physician" for

Lownsbury. According to Stover, they wanted to "get" his colleague; and when he refused to cooperate, they filed the amended complaint naming him.

The trial court granted summary judgment in favor of Stover on July 22, 1998. The appellate court affirmed, finding that in order to establish a physician-patient relationship, there must be some contact between the doctor and patient. The Ohio Supreme Court accepted a discretionary appeal and on February 20, 2002, reversed the grant of summary judgment. *Lownsbury v. Van Buren*, 94 Ohio St. 3d 231 (2002). The Supreme Court did not find it determinative whether Stover had any contact with the patient or with the residents who treated her. Rather, the high court looked at whether and to what extent Stover assumed an obligation to provide resident supervision in a teaching hospital, and held that sufficient evidence was presented to raise a genuine issue of material fact as to whether a physician-patient relationship existed between Dr. Stover and Lownsbury on January 6, 1995.

> Accordingly, we hold that a physician-patient relationship can be established between a physician who contracts, agrees, undertakes, or otherwise assumes the obligation to provide resident supervision at a teaching hospital and a patient with whom the physician had no direct or indirect contact. *Lownsbury* at 241.

The matter was remanded to the trial court for further proceedings; and after trial, a jury returned a verdict in favor of Dr. Stover.

On April 21, 2004, Stover filed this action against the lawyers representing Rebecca Lownsbury in the malpractice action, alleging malicious prosecution; abuse of process; tortious interference with business relations; intentional infliction of emotional distress; civil conspiracy; and punitive damages. On October 26, 2004, United States District Judge Donald C. Nugent granted

defendants' motion to dismiss the malicious prosecution claim as barred by the one-year statute of limitations. On January 5, 2005, the captioned matter was reassigned to this Court's docket. Beam's motions to dismiss Count 2 of Plaintiff's Complaint (abuse of process) remained pending.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

The court must apply a strict test when ruling on a motion to dismiss brought pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. " [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.Gibson*, 355 U. S. 41, 45-46; *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F. 2d 434, 436 (6th Cir. 1988). The reviewing court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk* v. *City of Strongsville*, 99 F. 3d 197 (6th Cir. 1996). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987).

### MOTIONS TO DISMISS

In Beam's first motion to dismiss, Beam argues that the abuse of process claim should be

dismissed because of Plaintiff's failure to allege all of the elements of the cause of action. In *Yaklevich v. Kemp, Schaeffer & Rowe*, 68 Ohio St. 3d 294 (1994), the Ohio Supreme Court identified the elements of abuse of process as: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. *Id.* at 298.

Beam points out that Stover has failed to allege the first element, and in fact, has alleged the direct opposite. The Complaint states: "[T]he Defendants made good on their threat by instituting, maintaining, and prosecuting a baseless legal action against Dr. Stover." and "The action and continued prosecution of the action against Dr. Stover was without a good faith basis in law and in fact." Nowhere does he recite that the action was instituted in proper form and with probable cause. However, a motion to dismiss should only be granted when the plaintiff can prove no facts to justify the relief sought. Moreover, a plaintiff is only required to provide a "short, plain statement" which gives the "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Rule 8 (a) (2) of the Federal Rules of Civil Procedure. Using this analysis, Plaintiff's abuse of process claim shall not be dismissed for failure to allege one of the elements of the cause of action. The pleading rules are liberal and the defendants are capable of identifying the cause of action asserted against them and to prepare an appropriate defense.

Beam additionally moves to dismiss Plaintiff's abuse of process claim on the grounds of the statute of limitations. There is no dispute that the statute of limitations in Ohio for an abuse of process claim is four years and that the plaintiff does not need to show a termination of the

proceedings in his/her favor.  Next, the Court must turn its attention to when the cause of action accrued so as to start the running of the statute of limitations.  For that, the federal tribunal is compelled to look to the state decisions for guidance.  The Ohio Supreme Court in *Yaklevich*, *supra*, deliberately did not reach the issue.  Appellate decisions have held that the time for filing suit begins to run when the tortfeasor first asserts, commences or files the allegedly groundless claim. *Read v. City of Fairview Park*, 146 Ohio App. 3d 15 (2001); *Aaron v. Venator Group* (February 8, 2002), Erie App. No. E-01-023, unreported; *Tri-State Computer Exchange, Inc. v. Burt* (June 20, 2003), Hamilton App. No. C-020345, unreported.

     Dr. Stover admittedly knew defendants' alleged "ulterior motive" of "strong-arming" him into implicating his colleague at the time that the amended complaint was filed on September 9, 1997.  Certainly, Stover acknowledged defendants' perceived motivations in his summary judgment motion which was granted at the state court level on July 22, 1998.  Either way, the four-year statute of limitations for commencing an abuse of process action expired well before Stover filed his complaint here in federal court on April 21, 2004. Unlike malicious prosecution, there is no requirement of waiting until a resolution in plaintiff's favor.  Despite the protracted history of the malpractice action, Dr. Stover needed to file his abuse of process claim against these attorneys within four years of when they commenced the legal process against him for the supposed perverse purpose.  Therefore, the motion to dismiss Count 2 filed by the Beam defendants is granted as barred by the applicable statute of limitations.

## **MOTION FOR JUDGMENT ON THE PLEADINGS**

The Beam defendants have moved for judgment on the pleadings as to the remaining claims: Count 3 - tortious interference with business relations; Count 4 - intentional infliction of emotional distress; Count 5 - civil conspiracy; and Count 6 - punitive damages.

First of all, the Court finds that punitive damages are a form of relief only and not a cause of action. Secondly, as the parties were informed at the status conference of April 12, 2005, the motion for judgment on the pleadings is denied. However, Defendants Beam and Muth shall file their motions for summary judgment based upon the *Lownsbury* decision or founded upon any other question of law Defendants believe appropriate by April 26, 2005. Plaintiff shall file his opposition brief by May 10, 2005. Any reply briefs are due by May 20, 2005. Any depositions which have already been scheduled shall go forward. Otherwise, all other discovery shall cease, pending the ruling on the dispositive motions. Another status conference may be scheduled by the Court following the ruling. Trial is scheduled for October 17, 2005 at 9:15 A.M.

## III CONCLUSION

Based upon the foregoing, Beam's Motion to Dismiss Count 2 (abuse of process) for failure to allege all of the elements of the cause of action is denied. Beam's Motion to Dismiss Count 2 (abuse of process) as being barred by the four-year statute of limitations is granted. Beam's Motion for Judgment on the Pleadings is denied. Discovery shall cease, except for those depositions already scheduled . Defendants shall file their motions for summary judgment by April 26, 2005. Trial is set for October 17, 2005 at 9:15 A.M.

**DATE:** 04/29/05


**IT IS SO ORDERED.**


   /s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
**(Original signature on file)**